# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

TAVITA P. TOGIA,

      Appellant,

         v.

DEPARTMENT OF THE INTERIOR,

      Agency.

DOCKET NUMBER
SF-0752-21-0073-I-1

DATE: January 31, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gwen Tauiliili-Langkilde, Esquire, Pago Pago, for the appellant.

Rachel Wieghaus, Washington D.C., for the agency.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

On petition for review, the appellant argues that the administrative judge wrongly denied him a hearing and did not consider all of the information that he had provided in support of his involuntary resignation claim, including affidavits from a coworker and his spiritual advisor.  Petition for Review (PFR) File, Tab 1 at 3-4.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      Much of the appellant's arguments on review concern his prior removal appeal, which an administrative judge mitigated to a 30-day suspension. *Togia v. Department of the Interior*, MSPB Docket No. SF-0752-19-0343-I-1, Initial Decision (July 17, 2019); PFR File, Tab 1 at 4-6.  To the extent that the appellant's arguments about his extended administrative leave and circumstances of his return to duty status, including his assertion that the agency should have assigned him another supervisor, constitute an argument that the agency failed to comply with the interim relief order while its petition for review was pending before the Board, such arguments should have been made in challenge to the

agency's certification of compliance[2] in that appeal.  PFR File, Tab 1 at 4; *see* 5 C.F.R. § 1201.116(b).

¶3 The administrative judge thoroughly addressed the appellant's arguments and third-party declarations, as well as the agency's documentary submissions, in finding that he failed to make a nonfrivolous allegation that his resignation was involuntary.  Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 5-12. Contrary to the appellant's arguments, the administrative judge did not require the appellant to prove his allegations at the jurisdictional stage and did not improperly weigh evidence or make any factual findings.  PFR File, Tab 1 at 5-6; *see Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (stating that the Board may consider the agency's documentary submissions in determining whether the appellant has made a nonfrivolous allegation but that an administrative judge may not weigh evidence and resolve conflicting assertions of the parties).  We agree with the administrative judge that none of the appellant's allegations regarding his supervisor's purported unfair treatment during his extended administrative leave or approximately 1 week in a duty status prior to his resignation, including limited job duties and severe restrictions on his activities, evince the type of intolerable working conditions that would compel a reasonable person to resign.  PFR File, Tab 1 at 4-6; IAF, Tab 1 at 10-12, Tab 8 at 13-15; ID at 5-12; *see Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (finding that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working

---

[2] The administrative judge erred in stating that the appellant's remedy for the agency's purported failure to comply with the initial decision was a petition for enforcement. Initial Appeal File, Tab 10, Initial Decision at 6.  The Board's regulations do not allow for a petition for enforcement of an interim relief order.  *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶¶ 7-8 (2015); *see* 5 C.F.R. § 1201.182(a)-(b).  Nevertheless, the administrative judge properly noted that the appellant could have addressed noncompliance in the removal appeal instead of resigning.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

conditions are generally not so intolerable as to compel a reasonable person to resign). Because the appellant has not presented nonfrivolous allegations of Board jurisdiction, he is not entitled to a jurisdictional hearing. *See Ferdon*, 60 M.S.P.R. at 329.

¶4      Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.